# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1854

_____

United States of America,                  *
                                            *
        Appellee,                           *
                                            *    Appeal from the United States
    v.                                      *    District Court for the
                                            *    District of Minnesota.
Gary Allen Reichow,                         *
                                            *
        Appellant.                          *

_____

Submitted:  November 18, 2004
Filed:  August 5, 2005

_____

Before SMITH, BEAM, and BENTON, Circuit Judges.

_____

SMITH, Circuit Judge.

Gary Allen Reichow pleaded guilty to one count of armed bank robbery and one count of discharging a firearm in relation to a crime of violence. He was sentenced to consecutive sentences of 144 months' imprisonment on count one and 120 months' imprisonment on count two. In addition, Reichow was ordered to pay restitution of $15,403.13. On appeal, Reichow argues that the district court erred in awarding restitution for damages to the sheriff's property, medical bills for a sheriff's deputy, and psychological counseling for bank employees. Reichow also argues that the district court erred in imposing a number of enhancements. We affirm in part and reverse in part.

## I. *Background*

Reichow, wearing a black mask and a bullet proof jacket, robbed the Farmer's State Bank of Hartland, Minnesota, with a fully-loaded semiautomatic AK-47 rifle. The AK-47 contained a 30-round magazine, which had a second fully-loaded magazine taped to the rifle. Reichow had three more loaded magazines in a bandolier that he was wearing. Reichow shot the rifle twice outside of the bank building and fired at the ceiling after entering the building, announcing the bank was being robbed.

Upon entry, Reichow ordered Janice Beach, the bank's vice president, to empty the teller drawers. She did so and Reichow took $9,639.00 and fled in his Volkswagen Jetta. A utility company employee who was outside of the bank followed Reichow in his car and told police the location and a description of the Jetta. Deputy Golbuff spotted Reichow's car and followed him to a field. Before Deputy Golbuff could exit his squad car, Reichow fired several rounds into it. Deputy Golbuff returned fire and struck Reichow in the neck. Deputy Golbuff was also injured in the exchange. When backup arrived, Reichow fired a number of rounds into that squad car as well and then fled into some nearby woods. Sheriff Harig, who had also arrived on the scene, used a PA system to ask Reichow to surrender, and, fortunately, he did. A subsequent search of the scene revealed 42 shell casings of the same caliber as Reichow's rifle. The stolen money was also recovered.

Reichow was indicted on one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and one count of discharging a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924 (c)(1)(A). He pleaded guilty to both counts of the indictment. The government moved for an upward departure and requested restitution of $14,753.14 for damage to the police cars, destruction of uniforms, and medical bills incurred by the sheriff's deputy, $125 for damage to the bank building, and $525 for psychological counseling for the bank's employees.

Reichow objected to the calculation of his offense level and the proposed restitution order.

## II. *Discussion*
### A. *Restitution for Damage to the Sheriff's Property and Medical Bills for the Sheriff's Deputy*

Reichow argues the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A(a)(1)(A), does not require him to pay restitution for damage to the sheriff's property and medical bills for the sheriff's deputy because those injuries are not the direct or proximate result of the bank robbery or the flight therefrom. We review a restitution order for abuse of discretion and the district court's application of the restitution statute de novo. *United States v. Bush*, 252 F.3d 959, 962 (8th Cir. 2001); *United States v. Ross*, 210 F.3d 916, 924 (8th Cir. 2000). The district court did not abuse its discretion.

Under MVRA, a district court sentencing a defendant for committing a crime of violence, shall order restitution in addition to any other penalty. 18 U.S.C. § 3663A(a)(1). Victim is defined as "a person directly and proximately harmed as the result of the commission of an offense for which restitution may be ordered." 18 U.S.C. § 3663A(a)(2). The court has wide discretion in ordering restitution. *United States v. Manzer*, 69 F.3d 222, 229 (8th Cir. 1995), citing *United States v. Bartsh*, 985 F.2d 930, 933 (8th Cir. 1993), *cert. denied*, 114 S. Ct. 1204 (1994).

Reichow's argument centers on the language of 18 U.S.C. § 924(c)(1)(A), which penalizes the use of a firearm during, or in relation to a crime of violence. He contends that "during" is a limiting term. We have held that the escape phase of a crime is part of the robbery and occurs "during" it. *United States v. Pate*, 932 F.2d 736, 738 (8th Cir. 1991) (bank robbery does not begin and end at the doors of the bank). Other circuits agree. *See United States v. Williams*, 344 F.3d 365, 372 (3d Cir. 2003) (escape is part and parcel of federal bank robbery—construing § 924(c));

*United States v. Ashburn*, 20 F.3d 1336, 1341 (5th Cir. 1994), *relevant part reinstated*, 38 F.3d 803 (*en banc*); *United States v. Dinkane*, 17 F.3d 1192, 1200 (9th Cir. 1994) (escape phase is part of the robbery); *United States v. Muhammad*, 948 F.2d 1449, 1456 (6th Cir. 1991) (bank robbery necessarily includes flight); *United States v. McCaskill*, 676 F.2d 995, 1000 (4th Cir. 1982) (escape phase part of the robbery).

In a case with similar facts but applying different law, the Seventh Circuit in *United States v. Donaby*, 349 F.3d 1046, 1051–55 (7th Cir. 2003), addressed the proximate cause issue. Donaby involved damage to a police vehicle during a getaway, but involved the Victim and Witness Protection Act (VWPA), 18 U.S.C. § 3663(a), rather than MVRA. The Seventh Circuit applied *United States v. Hughey*, 495 U.S. 411(1990), which interpreted the VWPA. VWPA and MVRA are similar. To be recoverable, *Hughey* requires that the loss be caused by "specific conduct that is the basis of the offense of the conviction." *Hughey*, 495 U.S. at 413. The Seventh Circuit affirmed the district court, holding that the bank robbery directly and proximately caused the damage to the police vehicle during the getaway. *Donaby* 349 F.3d at 1053. We agree with the reasoning of the Seventh Circuit in *Donaby* and consider it applicable to the MVRA as well as the VWPA. The damage Reichow caused to the deputies' squad cars and deputy Golbuff's injury occurred "during" the robbery.

B. *Restitution for Psychological Counseling for Bank Employees*

Reichow also argues that the district court can only order restitution if the offense resulted in bodily injury to a victim, 18 U.S.C. § 3663(b)(2)(A); consequently, the court erred in ordering restitution in the amount of $525 for the bank employees' psychological treatment expenses. According to Reichow, since no one inside the bank suffered physical injury, such compensation is improper. We review a restitution order for abuse of discretion and the district court's application of the restitution statute de novo. *Bush*, 252 F.3d at 962; *Ross*, 210 F.3d at 924. Reichow's argument has merit and we hold that the MVRA requires evidence of

bodily injury to victims before restitution can be ordered for their psychological treatment expenses.

§ 3663(b)(2)(A) specifically provides:

(2) *in the case of an offense resulting in bodily injury* to a victim including an offense under chapter 109A or chapter 110--
> (A) pay an amount equal to the cost of necessary medical and related professional services and devices relating to physical, psychiatric, and psychological care, including nonmedical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

(Emphasis added).

The plain language of § 3663(b)(2)(A) authorizes restitution for professional services for psychiatric and psychological care in cases where the offense results in bodily injury to a victim. The statute does not provide for such an order in the absence of bodily injury. *United States v. Husky*, 924 F.2d 223, 226 (11th Cir. 1991), *cert. denied*, 502 U.S. 833; *United States v. Hicks*, 997 F.2d 594, 601 (9th Cir. 1993); *United States v. Follet*, 269 F.3d 996, 1001 (9th Cir. 2001). The evidence does not show that the employees suffered any bodily injury. Therefore, we hold that the district court abused its discretion in ordering Reichow to pay $525 for the psychological counseling of the bank's employees.

## C. *Sentence Enhancement for Official Victim*

At sentencing, Reichow objected to a three-level enhancement under U.S.S.G. § 3A1.2 for an official victim. The government sought a two-level enhancement for injury to the sheriff's deputy under U.S.S.G. § 2B3.1(b)(3)(A) and a one-level enhancement for damage to the squad car under U.S.S.G. § 2B3.1(b)(7). We review the district court's application of the Sentencing Guidelines de novo. *United States*

*v. Mashek*, 406 F.3d 1012, 1016 (8th Cir. 2005). Reichow contends that the conduct for the assault was already accounted for under Chapter 2 of the Guidelines and therefore the increase under Chapter 3 amounted to double counting. We disagree.

Double counting occurs where "one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *United States v. Hipenbecker*, 115 F.3d 581, 583 (8th Cir. 1997). Double counting is permitted where "(1) the Commission intended the result and (2) each statutory section concerns conceptually separate notions relating to sentencing." *Id.* at 583. The facts of this case meet both requirements for permissible double counting.

It is clear that the Commission intended double counting in some cases:

> Absent an instruction to the contrary, enhancements under Chapter Two, adjustments under Chapter Three and determinations under Chapter Four are to be applied cumulatively. In some cases, such enhancement, adjustments, and determinations may be triggered by the same conduct. For example, shooting a police officer during the commission of a robbery may warrant an injury enhancement under § 2B3.1(b)(3) and an official victim adjustment under 3A1.2, even though the enhancement and the adjustment are both triggered by the shooting of an officer.

U.S.S.G. § 1B1.1, app. 4(b). It is also clear that Chapter 2 and Chapter 3 of the Guidelines involve distinct sentencing concerns both of which are implicated by the instant facts. While the official victim enhancement considers the risk to law enforcement officers posed by criminal conduct, the bodily injury adjustment punishes the resulting injury. *United States v. Swoape*, 31 F.3d 482 (7th Cir. 1994) (imposed bodily injury, official victim, and reckless endangerment enhancements). We affirm the district court's three-level enhancement.

D. *Booker Issues*

For the first time in a supplemental brief, Reichow argues that at sentencing, the district court's sentence is unconstitutional under *Blakely v. Washington*, 542 U.S. 296 (2004). *Blakely* invalidated the State of Washington's mandatory Sentencing Guidelines. The court held, consistent with *Apprendi*, that sentence-enhancement fact findings should be admitted by the defendant or determined by the jury and not the judge. *Id.* at 2536. Below, the district court imposed: (1) a two-point enhancement for injury to Deputy Golbuff during the offense; (2) one-point enhancement for amount of loss; (3) a four-point enhancement for use of body armor; (4) a three-point enhancement for assaulting a police officer; and (5) an increase based on the use of a high capacity firearm. Reichow also argues that the restitution imposed violates *Blakely*.

Since the filing of the briefs, the Supreme Court has resolved the questions raised by *Blakely* regarding the Federal Sentencing Guidelines continuing validity and given lower courts guidance on their proper use. *United States v. Booker*, 125 S. Ct. 738 (2005). In *Booker*, the Court made the mandatory federal Guidelines effectively advisory and thus corrected the defect that rendered them unconstitutional under the Sixth Amendment. *Id.* However, because Reichow failed to raise a Sixth Amendment argument below, we review for plain error. *United States v. Pirani*, 406 F.3d 543, 549 (8th Cir. 2005).

Under *Pirani*, plain error can only be shown by satisfying all of the elements set forth by the Supreme Court in *United States v. Olano*, 507 U.S. 725, 732 (1993). *Pirani*, 406 F.3d at 550. Because the district court treated the Guidelines as mandatory, we find error that is plain. *Id.* However, *Olano* also requires Reichow to establish by a reasonable probability that upon remand, he would obtain a more favorable sentence. *Id.* Based upon the record, we hold that Reichow cannot make such a showing. Nothing in the record shows even a slight inclination by the trial judge to impose a more lenient sentence in the absence of mandatory guidelines. Therefore the sentence imposed by the district court stands.

Lastly, we find no merit in Reichow's contention, that the restitution order also violated *Blakely*. Reichow cites no authority for the proposition that MVRA suffers from any constitutional infirmity addressed by the Court in *Booker*. In fact, courts have squarely addressed this issue and found Sixth Amendment arguments unavailing in the context of restitution orders. *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005); *United States v. Trala*, 386 F.3d 536, 547 n.15 (3d Cir. 2004); *United States v. DeGeorge*, 380 F.3d 1203, 1221 (9th Cir. 2004); *United States v. Wooten*, 377 F.3d 1134, 1144 n.1 (10th Cir. 2004); *United States v. Syme*, 276 F.3d 131, 159 (3d Cir. 2002); *United States v. Bearden*, 274 F.3d 1031, 1042 (6th Cir. 2001); *United States v. Behrman*, 235 F.3d 1049, 1054 (7th Cir. 2000).[1] Reichow does point to authority in our circuit that a restitution order under the MVRA is a criminal penalty. *United States v. Williams*, 128 F.3d 1239, 1241 (8th Cir. 1997). Because the issue in Williams was whether restitution under MVRA was an ex post facto violation, our language regarding restitution as a penalty established no controlling precedent.

MVRA sets no limit on restitution but requires it to be ordered "in the full amount" of victim loss. 18 U.S.C. § 3664(f)(1)(A). We have recognized that "there isn't really a 'prescribed' maximum." *United States v. Ross*, 279 F.3d 600, 609 (8th Cir. 2002). Consequently, neither *Apprendi*, *Blakely*, nor *Booker* are applicable to restitution. As with the sentence enhancements, Reichow makes this argument for the first time on appeal and it too is therefore subject to plain error review. Given the discretionary nature of an order of restitution, Reichow cannot show that the district court would impose any more favorable sentence upon remand. On the record before us, we find the sentence and restitution imposed by the district court to be reasonable.

———————————————————

[1]At issue in *Behrman* was an *Apprendi* argument in a MVRA case. The court held "[section] 3663A does not include a 'statutory maximum' that could be 'increased' by a given finding." *Id.*