# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1553

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| Jon P. Rist, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 15, 2005
Filed: November 22, 2005 (corrected 11/29/05)

_____

Before WOLLMAN, FAGG, and MELLOY, Circuit Judges.

_____

PER CURIAM.

John P. Rist worked as vice-president and loan officer of Integrity Bank Plus. Rist lent money to himself by lending the bank's money to his friend, Mark Evenson. The money was forwarded from Evenson to Risson Inc., a business in which Evenson and Rist were partners, and then from Risson to Rist. Rist did not disclose to the bank several facts about Evenson that negatively affected his creditworthiness, or the fact that he and Rist were business partners. The Government alleged that obtaining the money from the bank for Risson while falsely representing that it was going to Evenson was bank fraud. Rist then funneled the money through Evenson and Risson before depositing it in his own account. The Government alleged this attempt to conceal the origin of the embezzled money was concealment money laundering. Rist

later took funds he had obtained from the bank by fraud and used them to pay Risson's debts. Although the debts were Risson's, the lending bank had received a personal guarantee from Rist. Because of the size of the debt payments, the Government alleged they constituted the crime of engaging in a monetary transaction in property of a value greater than $10,000 derived from the unlawful activity of bank fraud. A jury convicted Rist of bank fraud, money laundering, and engaging in monetary transactions in criminally derived property. The district court[*] sentenced Rist to twenty-seven months in prison and ordered restitution in the amount of $131,153.53.

On appeal, Rist contends the evidence was insufficient to prove he had the intent to conceal, a necessary element of the money laundering counts. See United States v. Vanhorn, 296 F.3d 713, 717-18 (8th Cir. 2002). Rist's intent to conceal was proven by evidence that Rist actively concealed the criminal origins of the proceeds of his bank fraud by running the money through Evenson, who endorsed cashier's checks payable to himself, and then Risson's checking account, before depositing a Risson check in his personal checking account. See United States v. Nattier, 127 F.3d 655, 659 (8th Cir. 1997). Further, Rist's claim that his money laundering and bank fraud convictions "merged" fails on the facts because separate acts establishing money laundering and bank fraud were alleged in the indictment and proven at trial. When Rist obtained the money from the bank under false pretenses, he committed bank fraud. See United States v. Christo, 129 F.3d 578, 580 (11th Cir. 1997) (bank fraud is complete when monies from fraud leaves bank). When Rist routed his illegally obtained money through Evenson and Risson to conceal its origins before writing a Risson check to himself, he laundered the previously obtained bank fraud proceeds. See United States v. Ross, 210 F.3d 916, 920 (8th Cir. 2000) (deposit of check is separate transaction for money laundering purposes). And when Rist spent more than

---

[*]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

$10,000 of bank fraud proceeds in a single transaction, he engaged in a monetary transaction in criminal proceeds.

Rist also argues his convictions should be reversed because the prosecutor misrepresented the record during closing arguments. Specifically, Rist asserts the prosecutor misstated the record by observing a witness had characterized Rist's actions at the bank as "self-dealing," by asserting a figure of $222,000 that Rist put in the loan officer comment portion of the bank loan file was without basis, and in stating there were multiple liens on a piece of collateral. Rist did not object during trial, however, so we review only for plain error. United States v. Lee, 374 F.3d 637, 649 (8th Cir. 2004). Having carefully reviewed the record, we find no error that was obvious, that affected substantial rights, and that seriously affected the fairness, integrity, or public reputation of the judicial proceedings. United States v. Olano, 507 U.S. 725, 732-36 (1993).

Last, Rist asserts the district court should have reduced the restitution order by the amount of the value of the collateral seized by the bank. Although the bank received a share of the proceeds of the collateral's sale, the bank was obligated to pay that share to another creditor. Thus, the district court did not abuse its discretion in concluding the bank's share of the sale proceeds should not reduce Rist's restitution obligation to the bank. See United States v. Reichow, 416 F.3d 802, 805 (8th Cir. 2005) (standard of review).

We thus affirm the district court.

_____