# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2653

_____

United States of America,      *
     *
        Appellee,      *
     * Appeal from the United States
    v.      * District Court for the
     * District of Nebraska.
Debra J. Stephenson,      *
     * [UNPUBLISHED]
       Appellant.      *

_____

Submitted: June 29, 2007
Filed: July 5, 2007

_____

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Debra J. Stephenson appeals the 21-month prison sentence imposed by the district court[1] after she pleaded guilty to mail fraud based on her embezzlement of funds from her employer's check-cashing and short-term-loan business. In calculating Stephenson's advisory Guidelines range, the district court applied enhancements for obstruction of justice and use of a minor. Stephenson challenges the application of both enhancements. Following our review of the district court's application of the Guidelines de novo, and the court's factual findings for clear error, see United States

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

v. Winters, 411 F.3d 967, 972 (8th Cir. 2005), cert. denied, 126 S. Ct. 1386 (2006), we affirm.

We find no error in the district court's application of the challenged enhancements. During a meeting with her employer and a sheriff's deputy to discuss money that was missing from her employer's business, Stephenson denied taking the money, and instead encouraged her 16-year-old daughter--whom Stephenson brought to the meeting--to admit that she had taken the money. See U.S.S.G. §§ 3B1.4 & comment. (n.1) (requiring 2-level enhancement where defendant used or attempted to use person less than age 18 to assist in avoiding detection of or apprehension for offense; "'use or attempted to use' includes directing, commanding, encouraging, intimidating, counseling, training, procuring, recruiting, or soliciting"), 3C1.1 & comment. (nn.4(g) & 6) (requiring 2-level enhancement where defendant willfully obstructed or impeded, or attempted to obstruct or impede, administration of justice with respect to offense and any relevant conduct; adjustment applies if defendant provides materially false statement to law enforcement officer that significantly obstructed official investigation; materially false statement is one which, "if believed, would tend to influence or affect the issue under determination").

We reject Stephenson's argument that the court engaged in impermissible double-counting by applying both enhancements, because each served a separate purpose under the Guidelines: the obstruction-of-justice enhancement did not take into account that a minor was used to commit the obstructive conduct. See United States v. Reichow, 416 F.3d 802, 806 (8th Cir.) (impermissible double counting occurs where one part of Guidelines is applied to increase punishment on account of harm fully accounted for by another part of Guidelines), cert. denied, 126 S. Ct. 784 (2005); cf. United States v. Joiner, 418 F.3d 863, 870 (8th Cir. 2005) (obstruction-of-justice enhancement did not take into account victim's official status, and thus

-2-

assessing additional 3-level enhancement pursuant to U.S.S.G. § 3A1.2(a) (official victim) was not double-counting).

Accordingly, the judgment is affirmed.

_____