# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3658

_____

United States of America

*Plaintiff - Appellee*

v.

Thomas Robert Page

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 19, 2018
Filed: March 22, 2019
[Unpublished]

_____

Before SMITH, Chief Judge, LOKEN and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Thomas Robert Page, an American citizen teaching in Cameroon, sexually abused three Cameroonian male minors while there. Later, the government charged Page by indictment with three counts of engaging in illicit sexual conduct in foreign places. *See* 18 U.S.C. § 2423(c). Page pleaded guilty to one count. Following Page's

guilty plea, the district court[1] sentenced him to 120 months' imprisonment. In addition, the court granted the government's motion for an order of restitution. The court ordered Page to pay the victim $27,011.74 in restitution under the Mandatory Victims Restitution Act (MVRA). *See* 18 U.S.C. § 3663A. Page appeals a portion of that judgment, arguing that the court erred by ordering him to pay restitution for certain claimed property losses totaling $7,000.00. He contends the government's evidence did not meet the statutory standard required to support an award. We disagree and affirm.

## I. *Background*

Page pleaded guilty to one count of engaging in illicit sexual conduct in foreign places, stipulating to the facts necessary to establish the charged offense. The probation office prepared a presentence investigation report (PSR). The PSR included the restitution request of one of Page's victims, identified as S.A. Page objected to a portion of the restitution request. He argued that the requested restitution should be denied because it sought damages not available under the MVRA. Alternatively, Page argued that if the damages were available, the government failed to adduce sufficient, reliable evidence to prove them. The district court overruled Page's objection and concluded that he should pay property damages incurred by the victim's family as a consequence of his crimes. The court found that the victim's family suffered losses of property, including their rented residence. The court concluded that "the family's eviction [from that residence] was directly related to Page's actions" and that their "eviction was reasonably foreseeable in Cameroon." Restitution Order at 4, *United States v. Page*, No. 0:15-cr-00284 (D. Minn. Nov. 14, 2017), ECF No. 133. The court did, however, reduce the requested property damages owed to S.A. by "roughly 50%" to $7,000 because they were "too high to replace used goods." *Id.* at 5. The court also awarded $16,184 for past and future medical expenses. Finally, the court awarded

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

$3,827.74 to the General Crime Victims Fund for travel expenses. In total, the court ordered Page to pay $27,011.74 in mandatory restitution.

## II. *Discussion*

On appeal, Page challenges only the property loss portion of the district court's restitution order. Specifically, Page raises three bases for reversal of the order. First, he argues that the district court erred in its factual findings because they contradicted the record developed at the sentencing hearing. Second, he contends that the court relied upon insufficient evidence because the evidence presented lacked reliability. And third, he asserts that the government's evidence failed to show his conduct proximately caused the alleged damages.

We review the district court's award of restitution under the MVRA for an abuse of discretion. *United States v. Reichow*, 416 F.3d 802, 804 (8th Cir. 2005). We review its "fact-finding as to the amount of restitution" for clear error. *United States v. Oslund*, 453 F.3d 1048, 1062 (8th Cir. 2006). Page argues that we should apply de novo review because "a district court's construction and application of the MVRA is a question of law." Appellant's Br. at 8 (citing *Oslund*, 453 F.3d at 1062). Page is correct that de novo review would apply if our inquiry were an examination of the district court's legal construction of the MVRA. *See United States v. Martinez*, 690 F.3d 1083, 1088 (8th Cir. 2012). But, the gravamen of Page's appeal is the reliability and sufficiency of the factual underpinning of the court's ultimate decision to award restitution. We will review the court's findings of fact for clear error and its decision to make a restitution award for an abuse of discretion.

Page's first contention is that the court's factual findings contradicted the record. Specifically, he argues that while "the district court's restitution award was premised upon property losses allegedly caused by a Cameroon landlord in ejecting SA and his family members from their home," other evidence suggested "the landlord was actually unsuccessful in ejecting SA and his family from their home."

Appellant's Br. at 9–10. According to Page, Homeland Security Investigations Special Agent Jonathan Duzan's testimony at the restitution hearing showed "the family left the home of their own volition in order to avoid unspecified 'ridicule and harassment' directed by unidentified community members." *Id.* at 10 (quoting Tr. of Restitution Hr'g at 30, *United States v. Page*, No. 0:15-cr-00284 (D. Minn. July 27, 2017), ECF No. 120). Page asserts that the district court "misapprehended the government's evidence," which was "understandable" because the hearing testimony supposedly contradicted the written victim impact statements. *Id.* at 9–10.

Page's argument fails.[2] Page argued in his post-hearing memorandum that the landlord of S.A.'s family's residence caused the eviction and property damage, not him. The district court, however, made specific findings that the landlord's actions toward S.A.'s family resulted directly from the stigma placed on S.A. by Page's criminal sexual conduct. Page attacks the court's factual findings, but he fails to show that they are clearly erroneous. The court below considered the entirety of the record, resolved potentially conflicting evidence, and made appropriate findings of fact. The court's factual findings are not clearly erroneous.

Page's second contention is that the government's evidence lacked reliability. In its order, the district court noted that "[t]he rules of evidence do not apply at sentencing, but submitted information must have 'sufficient indicia of reliability to support [its] probable accuracy.'" Restitution Order at 5 (second alteration in original)

---

[2]We assume, without deciding, that Page raised this issue before the district court. Following the restitution hearing, Page filed a memorandum setting forth his position regarding restitution. In that memorandum, Page did not argue that the landlord never evicted S.A. and his family from their home. Instead, Page argued that "the landlord's decision to evict the family" was an intervening cause between Page's offense conduct and the family's property loss sufficient to break the chain of proximate causation. Def.'s Position Regarding Restitution at 10, *United States v. Page*, No. 0:15-cr-00284 (D. Minn. Aug. 14, 2017), ECF No. 125.

(quoting *United States v. Adejumo*, 848 F.3d 868, 871 (8th Cir. 2017)). The court reviewed the testimony of Special Agent Duzan, as well as the submitted witness statements from S.A.'s family declaring the value of items lost as a consequence of Page's crime. The court credited the witnesses' claims that certain items had been lost due to Page's sex crime against S.A. The court, however, did not indiscriminately accept the claimed losses at face value. In fact, the court discounted certain values listed to more closely reflect their condition at the time of loss. The court, performing its fact-finding function, determined that the value placed on those lost items needed to be adjusted. It did so by a preponderance of the evidence. The court's decision to award restitution was not an abuse of discretion.

Page's final argument is that, ultimately, the damage amounts are immaterial because the government failed to establish that Page's offense conduct was the proximate cause for any damage to S.A. and his family. Page asserts that no damages should be awarded because the "claimed losses might have been accrued with or without the offense conduct at issue." Appellant's Br. at 13 (citing *Martinez*, 690 F.3d at 1088–89). *Martinez*, which Page relies on in support of his argument, is readily distinguishable from this case. *Martinez* involved a complex bank fraud conspiracy involving tens of millions of dollars. 690 F.3d at 1089. The district court declined to award restitution "due to the complexity of determining the amount of loss properly attributable to Martinez." *Id.* Unlike *Martinez*, this case is simple. Page molested a child whose family experienced property loss in Cameroon as a direct consequence of the stigma attached to the child because of Page's criminal conduct.

The district court's decision to award restitution was not an abuse of discretion, and its calculation of the award amount was not clearly erroneous.

### III. *Conclusion*
Accordingly, we affirm the judgment of the district court.

_____