[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10387
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-00138-TFM-B-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANTE ANTWAN HILL,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(December 4, 2019)

Before MARTIN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Dante Hill appeals his conviction for possession of firearms by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  He argues that the evidence admitted at trial was insufficient to support the jury's verdict.

We review a challenge to the sufficiency of the evidence de novo.  *United States v. Wright*, 392 F.3d 1269, 1273 (11th Cir. 2004).  "We will not overturn a conviction on the grounds of insufficient evidence 'unless no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  *Id.*  (quoting *United States v. Christo*, 129 F.3d 578, 579 (11th Cir. 1997)).  In making that determination, we view "the evidence in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor."  *Id.* (citation omitted).

To support a conviction for possession of a firearm by a convicted felon, the government must prove that (1) the defendant "was a convicted felon, (2) he knowingly possessed a firearm, and (3) the firearm was in or affected interstate commerce."  *United States v. Howard*, 742 F.3d 1334, 1341 (11th Cir. 2014).  Hill does not contest the government's proof that he had been convicted of three felony drug offenses before his arrest in this case, or that possession of the firearms affected interstate commerce.  But he argues that the evidence was insufficient for the jury to find beyond a reasonable doubt that he possessed the firearms, which were recovered during a search of his house.

For purposes of 18 U.S.C. § 922(g)(1), a defendant's possession of a firearm can be actual or constructive. *Wright*, 392 F.3d at 1273. Proof of constructive possession requires evidence that the defendant "(1) was aware or knew of the firearm's presence and (2) had the ability and intent to later exercise dominion and control over that firearm." *United States v. Perez*, 661 F.3d 568, 576 (11th Cir. 2011) (per curiam). The defendant need not have the firearm on or near his person in order to constructively possess it. *Wright*, 392 F.3d at 1273. Here, the government's evidence was sufficient to permit a reasonable jury to find that Hill constructively possessed the firearms found at his home.

At trial, the government called Detective Kevin Naman of the Mobile Police Department, who testified about his investigation into allegations that Hill was trafficking in marijuana and his participation in the search of Hill's home. Naman testified that he arranged two controlled purchases of marijuana from Hill, and then obtained a warrant to search the house where Hill lived. When police arrived to execute the search warrant, Hill was upstairs in the master bedroom. Hill's wife and several children were downstairs.

Naman smelled marijuana in the bedroom where he found Hill, and he saw a device used for smoking marijuana on the dresser and a hand-rolled cigar containing marijuana on the bed rail. Naman confronted Hill about the drugs and told him that he had spent money buying marijuana from Hill through the

investigation.  Hill responded by pointing to several drawers in his dresser and saying, "The money's here, here, and here."  Naman found about $30,000 in cash in the house, and another $8,000 in a car parked in front of the house.  He also found documents in the house showing that Hill received mail there, and a wallet in the car containing Hill's driver's license.  After the search, Hill told Naman that he knew that the officers could not have found any more marijuana in the house because he was "waiting for [his] reup," which Naman understood to mean that Hill was out of marijuana and was waiting to get more from his supplier.

Naman and another officer found the firearms at issue—two loaded handguns—wrapped in plastic and hidden inside a grill on a second-floor deck attached to the back of the house.  The deck could be accessed through the kitchen, which was also on the second floor, but did not have access from the ground. Naman ran the serial numbers for the guns and found that one of them had been stolen.  Later, when Hill asked Naman about the charges against him, Naman told him that he was being charged with, among other things, "receiving stolen on the gun."  In response, Hill asked, "Which gun was stolen?"

Based on this evidence, a reasonable jury could have found beyond a reasonable doubt that Hill had constructive possession of the firearms.  *First*, the fact that Hill asked which gun was stolen supported an inference that Hill knew about the guns, because he knew that there were more than one.  Hill suggested

that he may have overheard the officers talking about the guns while he waited in the next room, but although Naman conceded that he could not "testify to what somebody else hears," he testified that Hill was not close by and he did not think that he had overheard the officers. A "jury is free to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial." *United States v. Friske*, 640 F.3d 1288, 1291 (11th Cir. 2011) (citation omitted). The jury here could reasonably have concluded that Hill knew that the officers had found more than one gun because he had prior knowledge that the guns were there, and not because he overheard the officers talking.

*Second*, the evidence also supported a reasonable inference that Hill "had the ability and intent to later exercise dominion and control over" the firearms. *Perez*, 661 F.3d at 576. Evidence of Hill's "ownership, dominion, or control over the premises" where the firearms were located is circumstantial evidence that he also had the ability to exercise dominion and control over the firearms themselves. *See United States v. Cochran*, 683 F.3d 1314, 1320 (11th Cir. 2012) (citation omitted). And evidence that Hill was involved in drug trafficking and kept large amounts of cash in the house, combined with Naman's testimony that drug dealers very often used firearms to protect themselves from being robbed, supported an inference that Hill had the "intent to later exercise dominion and control over" the guns in connection with his drug trafficking business. *Perez*, 661 F.3d at 576.

5

Hill cites *United States v. Gunn*, 369 F.3d 1229, 1236 (11th Cir. 2004) (per curiam), in which we held that "knowledge alone is insufficient to prove constructive possession," and *United States v. Mergerson*, 4 F.3d 337, 349 (5th Cir. 1993), in which the Fifth Circuit held that "mere control or dominion over the place in which contraband or an illegal item is found *by itself* is not enough to establish constructive possession when there is joint occupancy of a place." (emphasis in the original).  But as detailed above, the evidence here supported a jury finding that Hill had knowledge of the firearms *and* control over the premises, and additional evidence supported an inference that Hill intended to use the guns for protection in connection with his drug trafficking activities.

In short, the evidence was sufficient to permit a rational trier of fact to find beyond a reasonable doubt that Hill was guilty of possessing a firearm as a convicted felon.  We therefore affirm.

**AFFIRMED.**