**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 8, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LANCE WADE ELLIOTT,

    Defendant - Appellant.

No. 24-7034
(D.C. No. 6:22-CR-00132-JFH-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **CARSON**, and **FEDERICO**, Circuit Judges.
_____

Lance Wade Elliott challenges both the lawfulness and the calculation of restitution ordered by the district court. But he failed to raise his objections at his sentencing and does not argue for plain error in his opening brief, as our precedents require. Although he eventually addressed plain error in his reply brief, neither fairness nor the adversarial process would be served by exercising discretion to consider those arguments in this case.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

As a result, Mr. Elliott's arguments on appeal are waived. The district court's restitution order is **AFFIRMED**.

## I.    Background

Mr. Elliott got into a drunken argument with a co-worker at a pool party. The dispute grew physical. Mr. Elliott swung a shovel at his co-worker—identified only as J.M.—who ducked. But Mr. Elliott's swing connected with another party-goer, and a brawl ensued. J.M. managed to stay out of the fight, but he witnessed Mr. Elliott savagely beat and strangle one victim—breaking her clavicle, jaw, and collar bone—and attack another other with the shovel and pruning shears. Law enforcement arrived and arrested Mr. Elliott.

Mr. Elliott has no memory of the incident due to his level of intoxication. But when he was charged with multiple crimes stemming from his actions that day, he pleaded guilty. The prosecutor sought restitution under the Mandatory Victims Restitution Act, 18 U.S.C. § 1365. The district court awarded restitution for the two victims injured in the brawl, and for J.M., who witnessed the entire ordeal. There were no objections to the restitution order from any party at sentencing.

Our focus is on the restitution ordered for J.M. The district court ordered Mr. Elliott to pay $1,600 to J.M., because he allegedly missed work and fell behind on bills from the emotional instability caused by witnessing the attack. But unlike the other victims, J.M. did not suffer any physical injuries.

Mr. Elliott now appeals two issues. His first issue is that restitution is supposedly unlawful under 18 U.S.C. § 1365, which limits restitution victims to

those who suffered a "bodily injury." His second issue is that the district court incorrectly calculated the restitution at $1,600, given the lack of substantiating evidence for those expenses. The government pointed out in its response brief that Mr. Elliott did not object at his sentencing hearing, and failed to raise plain-error review in his brief. In reply, Mr. Elliott attempted to argue that Issue I rose to a plain error but conceded that Issue II did not.

## II. Discussion

Mr. Elliott's arguments have not properly raised this appeal for our review. His opening brief demonstrates the deficiency. On Issue I, he identified de novo as the standard of review, without any discussion of preservation below (if preserved, de novo would have been the correct standard). On Issue II, he admitted his failure to object below, and identified plain error as the relevant standard, but did not analyze or argue the elements of plain error. Not until his reply brief did he argue that the restitution order was plain error. But as our precedents show, that is too late.

"Where a defendant has not properly preserved the issue below," but properly briefs the issue on appeal, "we review a restitution order for plain error." *United States v. Mendenhall*, 945 F.3d 1264, 1265 (10th Cir. 2019) (citing *United States v. James*, 564 F.3d 1244, 1248 (10th Cir. 2009)). Plain error requires "(1) an error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Mann*, 786 F.3d 1244, 1248 (10th Cir. 2015).

3

"Ordinarily, an appellant who fails to preserve an evidentiary objection below may argue and establish plain error on appeal, however, a failure to argue plain error on appeal waives the argument." *United States v. Isabella*, 918 F.3d 816, 845 (10th Cir. 2019) (cleaned up). "[W]e generally do not consider arguments made for the first time on appeal in an appellant's reply brief and deem those arguments waived." *United States v. Leffler*, 942 F.3d 1192, 1197 (10th Cir. 2019) (citing *United States v. Pickel*, 863 F.3d 1240, 1259 (10th Cir. 2017)). This rule preserves fairness for the non-moving party, who has no opportunity to argue against an issue raised in a reply brief. The panel can look past the forfeiture if the plain error is obvious enough, "[b]ut we will only exercise our discretion if it 'permit[s] the appellee to be heard and the adversarial process to be served.'" *Id.* at 1198 (quoting *Isabella*, 918 F.3d at 844).

We decline to exercise that discretion here for two reasons. *First*, Mr. Elliott was clearly aware of his failure to preserve the objection. In his opening brief, on Issue I, under the heading "A. Preservation and standard of review," he makes no mention of any attempt to preserve his argument for appeal. And on Issue II, he briefly nods to the plain-error standard, yet he failed to articulate an argument under the correct standard even there. He concedes as much in this Reply Brief, acknowledging the proper standard of review is plain error.

*Second*, it was not an obvious error to assess restitution without an underlying physical injury. No binding case law has said so. And we have held, in an unpublished opinion, that assessing restitution based on mental injuries alone was not

4

plain error.  *United States v. Dotson*, 242 F.3d 391 at \*5 (10th Cir. 2000) (Table) ("At best, the statute is ambiguous with regard to the scope of 'bodily injury' and the law is by no means clearly established."); *accord United States v. Breshers*, 684 F.3d 699, 702 (7th Cir. 2012) (holding the "plain reading of the statute does not clearly support" a limitation to physical injuries).  The district court's assessment could be error, but that error is not "obvious enough" to overlook Mr. Elliott's briefing deficiency.  *Leffler*, 942 F.3d at 1198; *United States v. Taylor*, 514 F.3d 1092, 1100 (10th Cir. 2008) ("to be clear or obvious, the error must be contrary to well-settled law").  Mr. Elliot's reliance on an out-of-circuit Eighth Circuit case, *United States v. Reichow*, 416 F.3d 802 (8th Circ. 2005), does not carry enough weight to overcome plain error.[1]

Nor did Mr. Elliott initially argue that his objection was preserved, before resorting to plain error in the alternative.  Unlike cases when we have found the adversarial process satisfied, the opening brief is devoid of any argument that preservation occurred below.  *See e.g.*, *United States v. Zander*, 794 F.3d 1220, 1234 n.5 (10th Cir. 2015) ("We hold that Defendant adequately addressed the issue of plain error review in his reply to the government's brief, *after* arguing in his opening brief that his objections below were sufficiently raised to be preserved for review on appeal.") (emphasis added).  The circumstances would be different if he had made

---

[1] For these reasons, even if we were to exercise our discretion, Mr. Elliott could not establish that any error that was plain, or that it cast doubt on the integrity of the judicial proceedings.  *See Mann*, 786 F.3d at 1248.

some effort in his opening to "fulfill his obligation to identify where the precise issue raised on appeal was raised in the district court and ruled upon." *Leffler*, 942 F.3d at 1199; 10th Cir. R. 28.1(A) (requiring an appellant to "cite the precise references in the record where the issue was raised and ruled on"). But instead, the opening brief skirted the issue entirely.

In sum, Mr. Elliott's failure to address either plain error or an arguable preservation in the district court forecloses his appeal.

We affirm.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge